**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1316**

MIDATLANTIC INTERNATIONAL INC.,

Plaintiff - Appellee,

v.

AGC FLAT GLASS NORTH AMERICA, INC.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:12-cv-00169-RGD-LRL)

Submitted: October 31, 2014          Decided: November 19, 2014

Before KEENAN, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph M. Rainsbury, LECLAIRRYAN, Roanoke, Virginia; Charles M. Sims, LECLAIRRYAN, Richmond, Virginia, for Appellant. James L. Chapman, IV, Elaine I. Hogan, CRENSHAW, WARE & MARTIN, P.L.C., Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

AGC Flat Glass North America, Inc. ("AGC"), appeals the district court's judgment entered pursuant to a jury verdict awarding MidAtlantic International, Inc. ("MidAtlantic") $902,106.22 on MidAtlantic's breach of contract claim. On appeal, AGC argues that the district court erroneously interpreted the contract's "take-or-pay" clause, improperly shifted the burden of proof on whether the goods conformed to the contract, and denied it a fair trial. Finding no error, we affirm.

We review de novo the denial of a Fed. R. Civ. P. 50(b) motion for a judgment as a matter of law, "viewing the evidence in the light most favorable to the prevailing party, and will affirm the denial of such a motion unless the jury lacked a legally sufficient evidentiary basis for its verdict." Gregg v. Ham, 678 F.3d 333, 341 (4th Cir. 2012) (citation omitted). In light of the district court's diversity jurisdiction and the contract provisions, Tennessee substantive law governs this dispute. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938).

In construing the terms of a contract, the reviewing court must "ascertain and give effect to the intent of the parties." Dick Broad. Co. of Tenn. v. Oak Ridge FM, 395 S.W.3d 653, 659 (Tenn. 2013) (internal quotation marks omitted).

2

First, the court "determine[s] the parties' intent by examining the plain and ordinary meaning of the written words that are contained within the four corners of the contract." Id. (internal quotation marks omitted). If the language is unambiguous, it is "interpreted according to its plain terms and ordinary meaning." BSG v. Check Velocity, 395 S.W.3d 90, 93 (Tenn. 2012). "Contractual language is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one." Allstate Ins. Co. v. Watson, 195 S.W.3d 609, 611 (Tenn. 2006) (internal quotation marks omitted). Language is not ambiguous, however, "merely because the parties differ as to their interpretation of the language." BSG, 395 S.W.3d at 93.

We conclude that the "take-or-pay" clause here is ambiguous, as the language lends itself to two reasonable interpretations of when AGC purchased the dolomite at issue. Because the contract language is ambiguous, this Court may look to parol evidence to determine the intent of the parties. Allstate Ins. Co., 195 S.W.3d at 612. Parol evidence includes the circumstances in which the contract was made; the parties' conduct and statements related to the disputed provision; and "the parties' actions in carrying out the contract." Hughes v. New Life Dev. Corp., 387 S.W.3d 453, 465 (Tenn. 2012); Allstate Ins. Co., 195 S.W.3d at 612. From the evidence here, it is

3

clear that the parties understood and intended the clause to apply when AGC ordered a shipload of dolomite. AGC's employees manifested an understanding that the clause was triggered when a shipload of dolomite was ordered and the context of the negotiations indicates this was the understanding of the parties. Therefore, we conclude that the district court's interpretation of the contract was correct.

Next, AGC asserts that the district court abused its discretion when it refused to instruct the jury that MidAtlantic was required to prove the contract was enforceable at the time AGC stopped buying dolomite. This argument simply challenges the district court's interpretation of the contract. The court instructed the jury that MidAtlantic was required to prove that AGC called for or authorized the shipment of dolomite in 2011, when the contract was enforceable. We therefore discern no abuse of discretion when the court did not specifically instruct the jury that MidAtlantic was required to prove the contract was enforceable at the time AGC stopped buying dolomite.

AGC also challenges the district court's instruction shifting the burden of proving that the dolomite failed to conform to the contract's specifications. In determining whether the district court erred in instructing the jury, we review the trial court's jury instructions as a whole and in the context of the entire charge. Rowland v. Am. Gen. Fin., Inc.,

4

340 F.3d 187, 191 (4th Cir. 2003). "Instructions will be considered adequate if construed as a whole, and in light of the whole record, they adequately inform the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id. (internal quotation marks and alterations omitted). Where a party objects to an instruction actually given or the trial court's failure to give a requested instruction, this Court reviews for abuse of discretion. King v. McMillan, 594 F.3d 301, 311 (4th Cir. 2010). Tennessee law places the burden on the buyer to prove "any breach with respect to the goods accepted." Tenn. Code Ann. § 47-2-607(4) (West 2014).

We conclude the burden was properly placed on AGC. The contract indicated that AGC breached the take-or-pay clause if it ordered a shipment of dolomite and stopped buying that dolomite for whatever reason. The court therefore instructed the jury that MidAtlantic was required to prove that AGC breached the contract by ordering a shipload of dolomite and failing to pay for it for whatever reason. The district court then shifted the burden to AGC to prove that it had an excuse for its nonperformance, i.e., that the goods were nonconforming.

Finally, AGC asserts that the district court deprived it of a fair trial by interrupting its examination of key witnesses, asking improper leading questions designed to elicit

information favorable to MidAtlantic, and expressing hostility towards AGC's counsel. Generally, "[q]uestions of trial management are quintessentially the province of the district courts." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006). The district court has two responsibilities in trial oversight — ensuring that "matters are clearly presented to the jury" and preventing "trials from becoming protracted and costly affairs." Id. The court "must exercise reasonable control over the interrogation of witnesses and the presentation of evidence in order to ensure the effective determination of the truth [and] to avoid needless waste of time in the presentation of a case." United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995) (internal quotation marks omitted). We grant a new trial only "if the resulting prejudice was so great that it denied . . . the appellants a fair, as distinguished from a perfect, trial." United States v. Villarini, 238 F.3d 530, 536 (4th Cir. 2001) (internal quotation marks omitted). We review whether the district court's conduct deprived a party of a fair trial for abuse of discretion. Castner, 50 F.3d at 1272.

We find no conduct here that deprived AGC of a fair trial. The court was actively engaged in the trial, asking questions of witnesses in an attempt to clarify their testimony or condense it to the relevant information. Although the court expressed frustration with AGC's counsel on several occasions,

6

"expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not establish bias or partiality. Liteky v. United States, 510 U.S. 540, 555-56 (1994). Moreover, we note the court also expressed similar frustration with counsel for MidAtlantic.

While the court held AGC's counsel in contempt in the presence of the jury, the court quickly acted to limit any prejudice. The court informed the jurors that its admonition of counsel was not an indication of its support for either side and explained why it held counsel in contempt. The court further remedied any prejudice from its remarks by explaining several times that its remarks and rebukes were not an indication of its support for either side.

Accordingly, we affirm the district court's judgment. We deny AGC's motion to for leave to file an addendum. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED